## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Phillip Nixon,                           CASE NO. 2:08-cv-227
                                         Magistrate Judge Abel
        Petitioner,              Judge Smith

v.

Edwin Voorhies, Jr., Warden,

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. This action involves petitioner's May 2006 convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on possession of drugs. The trial court sentenced petitioner to four years incarceration. He did not timely appeal. On June 18, 2006, he filed a motion for delayed appeal which was denied. Thereafter, he failed to file a timely appeal to the Ohio Supreme Court. On December 24, 2007, he filed a motion for delayed appeal. The Ohio Supreme Court denied that motion. For the reasons that follow, the Magistrate Judge concludes that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d) and therefore **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURAL HISTORY

Petitioner was indicted by the January 2006 term of the Muskingum County grand jury on two counts of possession of drugs, in violation of O.R.C. 2925.11(A) with forfeiture specifications. *Exhibit 1 to Return of Writ.* On May 22, 2006, while represented by counsel, petitioner pleaded guilty. *Exhibit 4 to Return of Writ.* On that same date, in a judgment entry filed on June 9, 2006,[1] the trial court sentenced petitioner to four years incarceration. *Exhibit 5 to Return of Writ.* Petitioner did not timely appeal. On June 18, 2007, he filed a motion for delayed appeal. *Exhibit 6 to Return of Writ.* As cause for his untimely appeal, petitioner asserted that he did not know about his right to appeal or the time limits for filing an appeal and that neither the trial court nor his attorney had advised him of his right to appeal. *Id.* On August 1, 2007, the Ohio Fifth District Court of Appeals denied petitioner's motion for delayed appeal. *Exhibit 7 to Return of Writ.* Petitioner did not timely appeal. On December 24, 2007, he filed a motion for delayed appeal with the Ohio Supreme Court. *Exhibits 8 and 9 to Return of Writ.* On February 6, 2008, the Ohio Supreme Court denied petitioner's motion for delayed appeal. *Exhibit 10 to Return of Writ.*

On March 14, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He executed the petition on March 4, 2008. He alleges that he is in the custody of the respondent in violation of the Constitution of the

---

[1] The date of the trial court's judgment entry is not legible from the record before this Court; however, respondent indicates that is the date of the trial court's judgment entry of sentence.

United States based upon the following ground:

> Ineffective assistance of counsel.

> Trial counsel did not investigate case, trial counsel threaten[ed] petitioner out of his suppression hearing, trial counsel didn't explain possible defense of no contest plea, petitioner was not appraised of Crim.R. 11(C).

It is the position of the respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d), that petitioner's claims are waived by virtue of his guilty plea, and that his claims are procedurally defaulted.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on July 10, 2006, thirty days after he was sentenced on June 9, 2006,[2] and when the time period expired to file a timely appeal to the state appellate court. *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir.2002); Ohio App.R. 4(A). The statute of limitations ran for 342 days, until June 18, 2007, when petitioner filed a motion for delayed appeal. His delayed appeal tolled the running of the statute of limitations until August 1, 2007, when the appellate court denied the motion. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). The statute of limitations expired 23 days later, on August 24, 2007. Petitioner did not execute the instant petition until more than six months later, on March 4, 2008. His December 24, 2007, motion for delayed appeal to the Ohio Supreme Court had no effect on the statute of limitations, since the Ohio Supreme Court denied that motion and petitioner did not file his motion for delayed appeal until long after the statute of limitations had already expired. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that

---

[2] The thirty day period, which actually expired on July 9, 2006, was a Sunday. *Return of Writ*, at 4 n.4.

has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted).

Petitioner contends that this habeas corpus petition is timely because he filed the petition within one year of the Ohio Supreme Court's February 6, 2008, denial of his motion for delayed appeal and he acted diligently in pursuing his claims, and did not know about and was not advised of his right to appeal. Petitioner further asserts that equitable tolling is justified in view of his incarcerated, indigent, *pro se* status. *See Traverse.* Petitioner also alleges he was not at fault in failing to timely appeal to the Ohio Supreme Court, in view of two prison shut downs of his living quarters, which resulted in the destruction of his legal material. *See id.,* at 2. Upon review of the record, these arguments are not persuasive.

Although an otherwise untimely habeas corpus petition may be equitably tolled where the petitioner does not know about and is not advised of his right to appeal, and acts diligently in learning about and pursuing his rights, *see DiCenzi v. Rose, supra*, 452 F.3d at 470, citing *Wims v. United States*, 225 F.3d 186, 190 (2nd Cir. 2000), the record fails to support petitioner's allegation that he was not advised of his right to appeal. Petitioner signed an entry of guilty plea form indicating

> I understand my right to appeal a maximum sentence, my
> other limited appellate rights and that any appeal must be
> filed with 30 days of my sentence.

*Exhibit 4 to Return of Writ.* The transcript of petitioner's guilty plea also indicates that

trial counsel had reviewed that form with petitioner and that the trial court also advised

petitioner of his right to appeal:

> COURT: Do you also understand you have a right to appeal
> your case within 30 days of sentencing but by pleading
> guilty severely limits the chances of any appeal being
> successful?
>
> DEFENDANT: Yes, sir.

*Transcript, Guilty Plea*, at 8.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled

to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling

should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-

Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000)

(citations omitted). "Typically, equitable tolling applies only when a litigant's failure to

meet a legally-mandated deadline unavoidably arose from circumstances beyond that

litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed
> equitable tolling in situations where the claimant has
> actively pursued his judicial remedies by filing a defective
> pleading during the statutory period, or where the
> complainant has been induced or tricked by his adversary's
> misconduct into allowing the filing deadline to pass." *Irwin
> v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112
> L.Ed.2d 435 (1990). However, "[w]e have generally been

much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt,* 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.,* at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

Petitioner's convictions became final in July 2006. The statute of limitations was enacted 10 years before by the Antiterrorism and Effective Death Penalty Act. Still, petitioner waited until March 2008 to file his instant habeas corpus petition. It would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases for this period of time. Further, the record is without any basis to find that petitioner lacked constructive knowledge of the one-year filing requirement for habeas corpus petitions. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991); *Winkfield v.*

*Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218. The record likewise fails to support petitioner's allegation that jail shut downs or loss of his legal material prevented him from pursuing his claims or filing a habeas corpus petition for the time period at issue. Petitioner was advised at the time of his guilty plea of the thirty day time limit for filing an appeal, yet he waited more than one year to file a motion for delayed appeal. The state appellate court denied petitioner's motion for delayed appeal on August 1, 2007. Petitioner waited until December 24, 2007 to file a motion for delayed appeal with the Ohio Supreme Court. In that motion, he explained that the Noble Correctional Institution had "conducted a mass shack-down of the entire institution" in June 2007, before the appellate court denied his motion for delayed appeal, at which time he lost his legal papers. *See Exhibit 9 to Return of Writ.* He obtained copies of those documents on October 5, 2007, but again lost those documents on November 14, 2007, when his "unit was again shook down." *See id.*

An inmate's lack of legal training, poor education, or even

his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002) (holding that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations").

*Waters v. Renico,* unpublished, 2005 WL 1838625 (E.D.Michigan, July 29, 2005).

> [Y]outh, relative lack of education, and ... lack of legal knowlege are not ... extraordinary circumstances. *See, e.g., Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir.2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States,* 266 F.3d 671 (7th Cir.2001). As the Seventh Circuit said recently in *Williams v. Sims,* 390 F.3d 958 (7th Cir.2004), even reasonable mistakes of law made by *pro se* litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise, "statute of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have ... any lawyers." *Id.*

*Granberry v. Frank,* unpublished, 2005 WL 2465911 (E.D.Wisconsin, October 6, 2005).

Nothing in the record reflects that petitioner's alleged illiteracy prevented him from pursing his claims such that equitable tolling of the statute of limitations is appropriate.

In short, the record fails to reflect that petitioner exercised due diligence in pursuing his rights. Further, the respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1)(B) 1; Rule 72(b), Fed.R.Civ.P.

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).



s/Mark R. Abel
United States Magistrate Judge